# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VINCENT HEATH BOOTHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0382-WS-N |
| | ) |
| U.S. BANK NATIONAL ASSOCIATION, | ) |
| etc., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motion to dismiss. (Doc. 2). The parties have filed briefs in support of their respective positions, (Docs. 2, 10, 13), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion to dismiss is due to be granted.

## BACKGROUND

According to the complaint, (Doc. 1, Exhibit A at 3-7), the defendants foreclosed on the plaintiff's real property on or about June 26, 2012. On June 19, 2013, the plaintiff made a written demand for a "written, itemized statement of all lawful charges by them for redemption." (*Id*. at 4). The complaint contains no other substantive allegations but "requests that the Court take jurisdiction of this matter and after hearing testimony on this Complaint the Court will determine the correct redemption amount for this property [and] order that the Plaintiff have a reasonable amount of time to pay the same." (*Id*.).

The defendants timely removed on the basis of diversity of citizenship, and the record clearly establishes the existence of subject matter jurisdiction.[1] The defendants

---

[1] The plaintiff is a citizen of Alabama, but neither defendant is a citizen of this state. The unpaid principal balance on the underlying note is $300,000, and there apparently are other

argue that the complaint fails to state a claim on which relief can be granted in that the plaintiff has not complied with the statutory prerequisites to redemption.

## DISCUSSION

The plaintiff acknowledges his action is brought pursuant to Section 6-5-256 of the Alabama Code. (Doc. 10 at 3). That section provides as follows:

> Upon the filing of any complaint as provided in these sections and paying into court the amount of purchase money and the interest necessary for redemption and all lawful charges, if the written statement thereof has been furnished or, if not furnished, offering to pay such debt or purchase price and all lawful charges, the circuit court shall take jurisdiction thereof and settle and adjust all the rights and equities of the parties, as provided in this article.

Ala. Code § 6-5-256.

The "written statement" referenced in Section 6-5-256 is addressed in detail in another code section:

> Anyone desiring and entitled to redeem may make written demand of the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges claimed by him or her. The redeeming party must then tender all lawful charges to the purchaser or his or her transferee. If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his or her complaint without a tender to enforce his or her rights under this article and file a lis pendens with the probate court.

Ala. Code § 6-5-252.

"[I]n order to redeem under the statute, one must either aver a payment or tender of all the amounts required by the statute, or show a valid excuse for failure to do so." *Moore v. Horton*, 491 So. 2d 921, 923 (Ala. 1986). The parties agree with this principle,

---

charges as well that must be paid to effect the redemption the plaintiff seeks. (Doc. 1, Exhibit B at 5-6).

2

and they agree that the plaintiff made no payment or tender, but they disagree as to what constitutes an adequate excuse for this failure. The defendants argue that the plaintiff's failure cannot be excused because he did not comply with the statutory requirements for obtaining a written statement of the lawful charges. The plaintiff asserts that his failure to pay into court the redemption amount is excused because he submitted himself to the jurisdiction of the Circuit Court and offered to do equity by paying the redemption amount.

"[T]he right to redeem foreclosed property is a right conferred exclusively by statute, and the condition upon which this right may be exercised is that the person seeking redemption must comply fully with the terms of the statute conferring the right, or he must show valid reasons for failure in any particular." *Farris v. Jim Walter Homes, Inc.*, 519 So. 2d 1338, 1341 (Ala. 1988). As applied to the tender requirement, this rule means that, "[o]rdinarily, unless a tender is excused by failure of the purchaser to respond to the demand for lawful charges within ten days, the complaint is defective if it does not show a tender of the amount due." *Purcell v. Smith*, 388 So. 2d 525, 527 (Ala. 1980). This is consistent with Section 6-5-252, which contemplates that a complaint unaccompanied by tender may be filed only after the expiration of the ten-day period, and with Section 6-5-256, which likewise contemplates that a complaint unaccompanied by payment into court may be filed only if the written statement of lawful charges has not been furnished.

The complaint alleges that written demand was made on June 19, 2013. The complaint was filed two days later, on June 21, without an allegation of tender and without payment into court. Because the one-year statute of limitations[2] expired on June 26, 2013, the plaintiff could not have waited the full ten days and still have filed suit within the limitations period. But does that circumstance excuse his failure to allege tender or payment into court? It does not.

[T]his demand [under the predecessor to Section 6-5-252] was made just

---

[2] Ala. Code § 6-5-252.

3

> one day previous to the filing of the bill, while the above-cited statute gave respondent a period of ten days within which to comply therewith. True, complainant was forced to file the bill at that time to come within the statutory period of two years, but the above-noted section was adopted primarily for the benefit of the redemptioner, and, if he delays to make the demand as therein authorized for a statement until too late for the purchaser or his vendee to have the benefit of the ten-day period allowed by the statute for a compliance, then he can claim no benefit thereunder. Any hardship resulting from a loss of the privileges therein bestowed is the result of his own lack of diligence.

*Foerster v. Swift*, 113 So. 31, 31 (Ala. 1927). The Alabama Supreme Court has more recently re-affirmed *Foerster* and applied it to third-party delays in the delivery of the redemptioner's written demand. "The ten-day period for response by the purchaser must begin to run from actual receipt by the purchaser of the demand. The burden is on the redemptioner to see that the purchaser receives the demand either by personal delivery or by mail within a sufficient time to effect redemption. If the period for redemption is fast running out and the redemptioner relies upon the mails to timely deliver his demand, then he so relies at his peril." *Purcell*, 388 So. 2d at 528.

It is thus clear that the plaintiff did not comply with the statutory requirements for excusing tender or payment by the avenue of a written demand. The plaintiff does not contend otherwise. Instead, he argues that, "once [he] submitted himself to the jurisdiction of the Circuit Court and offered to do equity by paying the redemption amount so determined within the time provided by the Circuit Court, he was excused from making payment or tender prior to filing his Complaint." (Doc. 10 at 5). For this proposition, the plaintiff relies on *Deutsche Bank National Trust Co. v. Citibank, N.A.*, 494 Fed. Appx. 974 (11th Cir. 2012).

In *Deutsche Bank*, a competing redemptioner asserted that Deutsche Bank failed to preserve its right to redeem when it sought statutory redemption without either making a written demand or tendering payment. The panel, noting that Section 6-5-252 uses the permissive term "may" in describing a redemptioner's ability to make written demand, concluded that the making of such a demand is permitted but not required. 494 Fed. Appx. at 979-80. This is of course a proper reading, as shown by the case on which the

4

Eleventh Circuit relied. *Spencer v. West Alabama Properties, Inc.*, 564 So. 2d 425, 428 (Ala. 1990).

The *Deutsche Bank* Court then concluded that payment or tender is likewise optional, even when the redemptioner has elected to forego the written demand route. According to the panel, this is so because the Alabama Supreme Court has held that "a redemptioner's failure to make payment or tender prior to filing a complaint to redeem is excused if the redemptioner 'submits himself to the jurisdiction of the court and offers to do equity,'" and Deutsche Bank's complaint made such a submission and offer. 494 Fed. Appx. at 980 (quoting *Robino v. Green*, 119 So. 2d 897 (Ala. 1960)). "Under *Robino*, once Deutsche Bank submitted itself to the court's jurisdiction and offered to pay the appropriate redemption price, it was excused from making payment or tender prior to filing its complaint." *Id*.

In the Court's estimation, *Robino* will not carry the weight the Eleventh Circuit assigned it. The full sentence from the opinion, quoted only in part in *Deutsche Bank*, reads as follows: "A bill seeking to vacate a foreclosure as void or voidable [due to full payment prior to foreclosure] does not require any averment of tender, if complainant submits himself to the jurisdiction of the court and offers to do equity." 119 So. 2d at 899. An allegation of full payment of the mortgage prior to foreclosure (as occurred in *Robino*) excuses tender or payment for the understandable reason that there is nothing left to tender or pay. *Id*. ("The law does not exact the observance of a vain ceremony.") (internal quotes omitted). Thus, *Robino* simultaneously excuses both written demand and tender or payment only in the narrow circumstance involved therein; it does not open the doors of the courthouse to any redemptioner that, with nothing more, simply submits to the court's jurisdiction (as all plaintiffs presumably do) and offers to pay the redemption price.

The Alabama Court of Civil Appeals has construed *Robino* as does the Court. "Although Hicklin claims that *Robino* [citation omitted] supports his position and does not require 'averment of tender' if one submits oneself 'to the jurisdiction of the court and offers to do equity,' *Robino* merely allowed non-payment to the purchaser *where*

5

*there was an excuse for not tendering* and an offer to pay." *Hicklin v. Old Ship African Methodist Episcopal Zion Church*, 574 So. 2d 822, 825 (Ala. Civ. App. 1990) (emphasis added). That is, the offer to pay cannot itself be a valid excuse for non-payment or non-tender. The Court is aware of no decision adopting the Eleventh Circuit's contrary construction.

It is also worth noting that the redemptioner in *Foerster* alleged in his bill that she submitted herself to the jurisdiction of the court and that she offered to pay whatever amount might be found due, 113 So. at 31, yet the Supreme Court rejected her contention that the bill was sufficient despite her failure either to comply with the written-demand requirements or to make tender or payment. *Id*. at 31-32.

*Deutsche Bank* is unpublished. "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007); *accord* 11th Cir. R. 36-2. For the reasons expressed above, the Court does not find *Deutsche Bank* to be a persuasive exposition of Alabama law and therefore declines to follow it.[3]

Alabama law may recognize other valid excuses for failing to make tender or payment,[4] but the complaint invokes none of them. Accordingly, they cannot rescue the complaint.

"[P]ayment or tender to the purchaser or the purchaser's transferee is a condition precedent to filing a complaint to redeem the property, unless the redeeming party has a valid excuse for failing to tender." *Davis v. Anderson*, 678 So. 2d 140, 143 (Ala. Civ. App. 1995). Failure to allege tender or a valid excuse renders a redemption complaint defective and subject to dismissal. *Purcell*, 388 So. 2d at 527. The complaint alleges

---

[3] The District Court in *Deutsche Bank* appears to have found *Robino* applicable because Deutsche Bank sought to have the foreclosure vacated as void. *Deutsche Bank National Trust Co. v. Citibank, N.A.*, 806 F. Supp. 2d 1212, 1221-22 (M.D. Ala. 2011). That does not appear to be the rationale of the Eleventh Circuit but, if it is, then the panel's opinion extends no further than *Robino* and does not reach the plaintiff's situation to begin with.

[4] *See, e.g., Foerster*, 119 So. at 31 (suggesting that an absolute refusal to comply with a written demand might permit filing a complaint without tender or payment before expiration of the ten-day period).

6

neither. The defendants therefore are entitled to dismissal of the complaint for failure to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is **granted**. This action is **dismissed**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 24th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE